UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERTO M. PADILLA and REYNA V. MORENO, husband and wife,

    Plaintiffs,

v.

PNC MORTGAGE; et al.,

    Defendants.

3:11-cv-0326-LRH-VPC

ORDER

Before the court are defendants Ticor Title of Nevada, Inc.'s ("Ticor Title") motion to dismiss (Doc. #6[1]); GMAC Mortgage, LLC's ("GMAC") motion to dismiss (Doc. #7); LSI Title Agency, Inc.'s ("LSI") motion to dismiss (Doc. #13); and PNC Mortgage ("PNC"), a division of PNC Bank, N.A., and Platinum First Mortgage, LP's ("Platinum") motion to dismiss (Doc. #14).

**I.     Facts and Procedural History**

In March, 2006, plaintiffs Roberto M. Padilla and Reyna V. Moreno ("plaintiffs") purchased real property through a mortgage note and deed of trust executed by defendant Platinum. Eventually, plaintiffs defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, plaintiffs filed a complaint against defendants alleging twelve causes of

---

[1] Refers to the court's docket entry number.

action: (1) declaratory relief - all defendants; (2) wrongful foreclosure - all defendants; (3) contractual breach of the covenants of good faith and fair dealing - Platinum; (4) negligence - all defendants; (5) negligent misrepresentation - all defendants; (6) breach of fiduciary duty - all defendants; (7) tortious breach of the covenants of good faith and fair dealing - Platinum; (8) constructive fraud - Platinum; (9) wrongful collections - Cal Western Reconveyance Corporation ("CWRC"); (10) wrongful collections - GMAC; (11) unfair and deceptive trade practices - GMAC and CWRC; and (12) violation of the Fair Debt Collection Practices Act ("FDCPA") - CWRC. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motions to dismiss. *See* Doc. ##6, 7, 13, 14.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

2

1  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
2  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
3  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

4    In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
5  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
6  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*
7  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
8  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
9  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
10 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
11 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
12 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

13 **III.  Discussion**

14   **A.  Wrongful Foreclosure - All Defendants**

15   An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the
16 plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*,
17 662 P.2d 610, 623 (Nev. 1983). Here, plaintiffs were in default on their mortgage obligations so
18 there can be no sustainable action for wrongful foreclosure.

19   **B.  Breach of Good Faith and Fair Dealing - Platinum**

20   Under Nevada law, "[e]very contract imposes upon each party a duty of good faith
21 and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784
22 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for
23 breach of the implied covenants of good faith and fair dealing, a plaintiff must show that: (1) the
24 plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and
25 fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

26

3

unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, the court finds that plaintiffs do not plead any conduct taken by Platinum that would constitute a violation of the covenants of good faith and fair dealing. Rather, plaintiffs simply allege that Platinum has breached its duty by performing in a manner that was unfaithful to the purpose of the contract without identifying Platinum's action or the manner in which any action was taken. *See* Doc. #1, Exhibit A, p.10:24. This allegation is conclusory in nature and insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d at 969 (holding that for a complaint to survive a motion to dismiss, the complaint must allege sufficient non-conclusory "factual content" to plausibly suggest a claim entitling plaintiff to relief).

**C.  Negligence - All Defendants**

In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

Here, the complaint contains no factual allegations against defendants concerning a duty towards plaintiffs or a breach of any duty. Rather, the complaint only recites the basic elements of a negligence claim in a conclusory fashion stating that defendants all owed plaintiffs a duty of care. *See* Doc. #1, Exhibit A. Such allegations are insufficient to state a claim for relief. *See Moss*, 572 F.3d at 969.

**D.  Negligent Misrepresentation - All Defendants**

To establish a claim for negligent misrepresentation, a plaintiff must show that: (1) the defendant failed to exercise reasonable care or competence in obtaining or communicating information to the plaintiff; (2) plaintiff justifiably relied upon that information; and (3) damages resulting from that reliance. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).

Further, a claim for negligent misrepresentation must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, plaintiffs fail to allege anything more than defendants made misrepresentations to them. *See* Doc. #1, Exhibit A. These allegations are insufficient to support a claim for negligent misrepresentation. There are no allegations of who failed to provide information or what information was not provided. Further, plaintiffs fail to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that plaintiffs fail to plead their negligent misrepresentation claim with the requisite specificity.

**E.  Breach of Fiduciary Duty - All Defendants**

Plaintiffs allege that defendants breached their fiduciary duties towards them during the non-judicial foreclosure process.

Generally, a lender or loan servicer does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Further, there is no fiduciary duty where, as here, the parties engaged in arms-length transactions while having diverse interests. Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). Because plaintiffs have failed to allege sufficient facts to establish that defendants acted outside their capacities as adverse parties - namely as lender, loan servicer, trustee and title recordation company - during the non-judicial foreclosure process, which

does not in itself create a fiduciary relationship, plaintiffs' claim for breach of fiduciary duty fails to state a claim upon which relief can be granted.

### F. Tortious Breach of the Covenants of Good Faith and Fair Dealing - Platinum

Plaintiffs allege that defendant Platinum breached its fiduciary duties, and thereby the covenants of good faith and fair dealing inherent in those duties, by initiating non-judicial foreclosure over plaintiffs' property. But once again, a lender generally does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc.*, 359 F.Supp.2d at 1092. Further, plaintiffs do not allege that specific language in the lending contract created a fiduciary duty between Platinum and plaintiffs. Accordingly, plaintiffs' claim for tortious breach of the covenants of good faith and fair dealing fails to state a claim upon which relief can be granted.

### G. Constructive Fraud - Platinum

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, plaintiffs fail to allege anything more than Platinum misrepresented or concealed a material fact. There are no allegations of who exactly failed to provide information or what material information was not provided. Further, plaintiffs fail to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that plaintiffs allegations are insufficient to support their claim for constructive fraud.

6

### H. Wrongful Collections - GMAC[2]

Plaintiffs argue that defendant GMAC is an unlicensed debt collection agency attempting to collect a debt in violation of NRS 649.020. *See* Doc. #1, Exhibit A. However, there is no private right of action to bring a claim under NRS Chapter 649. *See* NRS 649.385 *et seq*. (stating that the Commissioner shall conduct investigations and administer discipline upon a verified complaint filed with the Commissioner).

### I. Unfair and Deceptive Trade Practices - GMAC

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1).

Here, plaintiffs allege that GMAC violated the statute by conducting a non-judicial foreclosure and contacting plaintiffs upon their default without having a state business license. However, GMAC did not have to be licensed to take part in the non-judicial foreclosure proceedings because it is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds plaintiffs have failed to state a claim upon which relief can be granted.

### J. Declaratory Relief

A claim for declaratory relief is a remedy that may be afforded to a party after he has sufficiently established and proven his claims; it is not a separate cause of action. *See e.g., In re*

---

[2] Because defendant Cal Western Reconveyance Corporation is not one of the moving defendants, the court shall not address plaintiffs' Eighth cause of action for wrongful collections and Twelfth cause of action for violation of the Fair Debt Collection Practices Act. Further, the court shall only address plaintiffs' Eleventh cause of action for unfair and deceptive trade practices as it relates to defendant GMAC.

*Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007). Here, plaintiffs fail to allege any claims against defendants that warrant relief. Thus, plaintiffs are not entitled to declaratory relief. Accordingly, the court shall grant moving defendants' motions to dismiss.[3]

IT IS THEREFORE ORDERED that defendants' pending motions to dismiss (Doc. ##6, 7, 13, 14) are GRANTED. Defendants Ticor Title of Nevada, Inc.; GMAC Mortgage, LLC; LSI Title Agency, Inc.; PNC Mortgage, a division of PNC Bank, N.A.; and Platinum First Mortgage, LP are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 15th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] The court, in granting defendants' motion to dismiss, notes that plaintiffs did not request leave to amend their complaint. However, even if plaintiffs did request leave to amend, the court would deny the request because plaintiffs have failed to make any showing that amendment in this particular case would not be futile or that they could overcome the identified pleading defects.